**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

EBONY MACKEY,  Case No. 1:20-cv-588
    Plaintiff,  Black, J.
 Litkovitz, M.J.
    vs.

AT&T,  **REPORT AND**
    Defendant.  **RECOMMENDATION**

Plaintiff, proceeding pro se, brings this employment discrimination action under 42 U.S.C. § 2000e(5) alleging race discrimination and retaliation. (Doc. 3).

On September 30, 2020, the Court held a scheduling conference in this matter. Defendant appeared through its attorney. Although the Court sent plaintiff notice of the scheduling conference on September 22, 2020, plaintiff failed to appear. By Order dated October 2, 2020, plaintiff was advised of her obligation to attend all conferences and other matters in which she received notice in this case. (Doc. 11).

On October 30, 2020, with plaintiff and defendant both present, the Court held a status conference where matters were discussed. The Court set the case for a follow-up telephone status conference on January 6, 2021. (Doc. 13). Plaintiff was notified of this status conference both orally and in writing. (*Id.*).

On December 21, 2020, the Court scheduled an informal discovery conference in this case for December 28, 2020. (Doc. 14). The parties were instructed by the Court to submit a summation of their positions regarding the outstanding discovery dispute prior to the December 28, 2020 discovery conference. (*Id.*). Defendant submitted a report to the Court prior to the conference. Defendant advised the Court that it had not received plaintiff's initial disclosures or responses to defendant's discovery requests propounded on October 2, 2020, and counsel

outlined the extrajudicial steps taken to gain plaintiff's compliance.  Defendant appeared through counsel at the December 28, 2020 conference.  Plaintiff, however, neither submitted a report nor appeared at the December 28, 2020 telephone conference.  *See* 12/28/2020 docket entry.  On January 6, 2021, the Court held the previously scheduled status conference.  Plaintiff again failed to appear.  *See* 1/06/2021 docket entry.  Counsel for defendant advised the Court that to date, plaintiff still had not provided her initial disclosures or responses to defendant's discovery requests.

On January 7, 2021, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for lack of prosecution.  (Doc. 15).  The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed.  To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962)).  Plaintiff's failure to respond to the Order to Show Cause warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter.  *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

## IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 2/1/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EBONY MACKEY,　　　　　　　　　　　　　　Case No. 1:20-cv-588
　　Plaintiff,　　　　　　　　　　　　　　　　　Black, J.
　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　vs.

AT&T,
　　Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).